UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MARKESE LOCKE STOVALL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-112-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Markese Locke Stovall's Unopposed Motion to Continue Trial and Related Deadlines [Doc. 17], which was filed on September 18, 2026.

Defendant Stovall asks the Court to continue the trial and all deadlines in this matter [*Id.*]. In support, he states that his counsel intends to file a timely motion to suppress all evidence in the case that flowed from a seizure of the Defendant and a search of his automobile [*Id.* ¶ 1]. Defendant explains that his counsel continues to investigate evidence and needs additional time to discuss the issues in the case with Defendant [*Id.*]. Defendant states granting the requested continuance will provide the parties an opportunity to make a full resolution of the case against him, and it will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the Defendant in a speedy trial [*Id.* ¶ 2].

Defendant acknowledges his understanding that the period of time between the filing of his motion and a rescheduled trial date are fully excludable for speedy trial purposes [*Id.* ¶ 3]. Defendant also states that the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i),(iv). Specifically, Defendant's counsel needs additional time to engage in pretrial motion practice, discuss the issues with Defendant, and attempt to resolve the case. The Court finds that this cannot occur before the October 20, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial and Related Dates [**Doc. 17**]. The trial date is reset to **January 26, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial and Related Dates [**Doc. 17**] is **GRANTED**;

(2) the trial date is reset to commence on **January 26, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 18, 2026**, and the new trial date of **January 26, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **October 13, 2026**, and responses to pretrial motions are due on or before **October 27, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 28, 2026**;

(6) the deadline for filing motions *in limine* is **January 11, 2027**, and responses to motions *in limine* are due on or before **January 18, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 12, 2027, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 15, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge